LINH T. HUA (SBN: 247419)
ANI ASLANIAN (SBN: 337899)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Emails: lhua@grsm.com
aaslanian@grsm.com

Attorneys for Defendant
EPSILON SYSTEMS SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ALBERT, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>EPSILON SYSTEMS SOLUTIONS, INC., and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. '23CV0577 LL    DDL<br><br>**DEFENDANT EPSILON SYSTEMS SOLUTIONS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 UNITED STATES CODE §§ 1331, 1441**<br><br>*Filed concurrent with: Declaration of Ani Aslanian; Declaration of Janeece Tanaka* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Epsilon Systems Solutions, Inc. ("Defendant"), hereby removes the state court action filed by Plaintiff Paul Albert ("Plaintiff") in the Superior Court of the State of California for the County of San Diego, Case No. 37-2023-00005473-CU-OE-CTL ("Action") pursuant to 28 United States Code § 1331. Defendant's removal is based upon this Action

-1-
DEFENDANT EPSILON SYSTEMS SOLUTIONS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 UNITED STATES CODE §§ 1331, 1441

involving questions of Federal law, such that original jurisdiction lies in this Court.

## I. PROCEDURAL HISTORY

Plaintiff filed the Action on February 7, 2023, seeking civil penalties pursuant to *Labor Code* sections 2598 *et seq*., Private Attorneys General Act ("PAGA"). Pursuant to 28 U.S.C. § 1446(a). Declaration of Ani Aslanian ("Aslanian Dec."), **Exhibit A**.

Defendant timely returned a notice of receipt and acknowledgement of service regarding Plaintiff's Summons and Complaint ("NAR") on March 2, 2023. Pursuant to 28 U.S.C. § 1446(a). Aslanian Dec., **Exhibit B**.

Pursuant to 28 U.S.C. § 1446(a), **Exhibits A and B** attached to the concurrently filed Aslanian Declaration constitute all process, pleadings, and orders served upon or by Defendant in the Action. (Aslanian Dec., ¶ 4).

## II. TIMELINESS OF REMOVAL

This instant Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Defendant filed it within thirty (30) days from March 2, 2023.

## III. GROUNDS FOR REMOVAL

This Court has original jurisdiction over this Action under 28 U.S.C. § 1331. 28 USC § 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Defendant is a Federal Contractor providing service employees to the United States Navy for its Pacific Coast fleet located in San Diego, California, pursuant to the McNamara-O'Hara Service Contract Act ("SCA"). This Court has original jurisdiction because this Action involves Federal law: (1) Plaintiff's state law claims are pre-empted because he was employed on a Federal enclave, and (2) the SCA does not confer a private right of action unto Plaintiff.

As such, this Action should be removed to this Court pursuant to 28 U.S.C. §1441(a), which provides, "…any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by

-2-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

### 1. Plaintiff was Employed on a Federal Enclave

Removal is proper because Defendant employed Plaintiff to service ships for the United States Navy on property acquired by the Federal government. Article One section 8, clause seventeen of the United States Constitution reads in pertinent part, "Congress shall have Power . . . [t]o exercise exclusive Legislation in all Cases whatsoever, over such District…by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be…" (U.S. Const. art. I, § 8, cl. 17; (See e.g., *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652, (1930) holding "…where lands for such a purpose are purchased by the United States with the consent of the state legislature, the jurisdiction theretofore residing in the state passes, in virtue of the constitutional provision, to the United States, thereby making the jurisdiction of the latter the sole jurisdiction.") To exercise federal legislative jurisdiction on enclaves, (1) the federal government must acquire land within a state, (2) the state must cede or consent to federal jurisdiction over the land, and (3) the federal government must accept jurisdiction." (*Paul v. United States*, 371 U.S. 245, 264, 267, (1963)).

Here, Defendant employed Plaintiff on land acquired by the Federal government in exclusive jurisdiction in 1919, 1921, and 1930. (Declaration of Janeece M. Tanaka ("Tanaka Dec.") **Exhibit A**).) Defendant also employed Plaintiff on land acquired by the Federal government in partial jurisdiction in 1949. (Tanaka Dec., **Exhibit A**). Accordingly, California ceded its legislative jurisdiction to the Federal government for all claims under the Federal Enclave Exemption, and California courts do not have jurisdiction over Plaintiff's claims.

///

### 2. Plaintiff's Action is Preempted by Federal Law

Removal is proper because Plaintiff's employment gives rise to claims that occurred on land acquired by the Federal government. When a state cedes control over a tract of land to the federal government and it becomes a federal enclave, "[O]nly state law existing at the time of the acquisition remains enforceable, not subsequent [state] laws."). After federal acquisition of the land, only federal law applies. (*Paul v. United States*, 371 U.S. 245, 264 (1963).) Here, Plaintiff's Action is based on PAGA, a California law that was enacted in 2004, after the federal acquisition of the land. The plots of land on which Defendant employed Plaintiff were ceded by the California legislature to the Federal government in 1919, 1921, 1930, and 1949. Accordingly, only Federal law applies during relevant periods of Plaintiff's employment because PAGA was enacted decades later in 2004.

### 3. Plaintiff Does not have a Private Right of Action for Wage and Labor Issues Subject to SCA Contracts

Removal is proper because this Court should determine whether Plaintiff's wage and hour allegations are incompatible with Federal law barring private actions for wage and hour disputes governed by SCA covered contracts. SCA promulgated that redress for wage and hour complaints pursuant to a SCA contract must go through the administrative channels of the Secretary. (41 U.S.C.A. § 6707(a); See also, *Powell v. United States Cartridge Co.*, 339 U.S. 497, (1950), the United State Supreme Court held "[t]he purpose of the SCA is to require contractors to pay their employees working on a federal service contract in accordance with the prevailing rates and benefits for such employees in the locality. The administrative remedies provided under the SCA are tailored for the recovery of wages and benefits due employees.")

Here, despite Plaintiff's Action being brought pursuant to PAGA, Plaintiff's Action is based on Defendant's alleged failure to include SCA cash in lieu of benefits in calculating Plaintiff's overtime regular rate. (Aslanian Dec., **Exhibit A**,

para.17) "Because the SCA 'restricts employee remedies for violations of the Act to administrative channels,' the court held that plaintiffs were barred from pursuing claims that he was not paid 'SCA-required wages.' Thus, *Sutton* stands for the proposition that SCA-required wages (or benefits) may not be enforced by private plaintiffs in the guise of claims under other statutes." (*Mersnick v. USProtect Corp.*, No. C-06-03993RMW, 2007 WL 485977, at *2 (N.D. Cal. Feb. 12, 2007) interpreting U.S. ex rel. Sutton v. Double Day Off. Servs., Inc., 121 F.3d 531, 533 (9th Cir. 1997).) Similar to *Sutton*, Plaintiff's Action is based on SCA related benefits despite Plaintiff's Action being brought pursuant to PAGA. As such, this Court should determine whether Plaintiff's Action is barred pursuant to 41 U.S.C.A. § 6707(a).

## IV. VENUE

Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

## V. NOTICE TO STATE COURT AND PLAINTIFF

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly notify Plaintiff's counsel of this instant Notice of Removal and file a copy with the Clerk of the San Diego County Superior Court.

## VI. CONCLUSION

Defendant removes the Action to the Southern District of California due to the reasons delineated above.

Dated: March 31, 2023        GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Ani Aslanian*
　　Linh T. Hua
　　Ani Aslanian
　　Attorneys for Defendant
　　EPSILON SYSTEMS SOLUTIONS, INC.